UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYED K. RAFI,<br><br>                          Plaintiff,<br><br>    -against-<br><br>NOVARTIS PHARMACEUTICALS CORP., et al.,<br><br>                          Defendants. | 25-CV-3387 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who resides in Falls Church, Virginia, brings this action *pro se*. Plaintiff invokes Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634, 42 U.S.C. § 1981, and state law. Plaintiff alleges that he was not hired for a position with Novartis Biomedical Research Group in Cambridge, Massachusetts, due to discrimination based on his race, color, religion, sex, and national origin. For the following reasons, the Court transfers this action to the United States District Court for the District of Massachusetts.

## DISCUSSION

      Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

By contrast, claims brought under the ADEA and Section 1981 are governed by the general venue statute, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enters.*, LLC, No. 15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015). Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Venue of Plaintiff's Title VII claim is proper, under Section 2000e-5(f)(3), in "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." Plaintiff alleges that he applied for a position with Novartis Biomedical Research Institute in Cambridge, Massachusetts (ECF 1 at 3), which is in the District of Massachusetts. 28 U.S.C. § 101. Venue of Plaintiff's Title VII claim is therefore proper under Section 2000e-5(f)(3) in the District of Massachusetts.

Plaintiff brings the action in this district, apparently because Defendant's parent company has its principal office in New York (ECF 1 at 2). Title VII's venue provision provides that such "an action may be brought within the judicial district in which the respondent has his principal

2

office," if the respondent is not found within a district where the unlawful employment practice was committed, where records were kept, or where the plaintiff would have worked. *See Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("[T]he judicial district where the employer's principal office is located is a proper place for venue only if venue cannot be laid in one of the other three possible districts specified in the statute."). Because venue lies in the District of Massachusetts, it is not clear that there is any basis for venue of Plaintiff's Title VII claim in this district under Section 2000e-5(f)(3).

Venue of Plaintiff's claims under the ADEA and Section 1981 is also proper in the District of Massachusetts, under Section 1391(b)(2), based on the place of occurrence. The Court therefore concludes that transfer is appropriate, and the Court transfers this action to the United States District Court for the District of Massachusetts. 28 U.S.C. §§ 1404(a), 1406.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Massachusetts. 28 U.S.C. §§ 1404(a), 1406. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

SO ORDERED.

Dated:   April 25, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge